**IN THE COURT OF APPEALS OF IOWA**

No. 14-0269
Filed October 15, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ORLANDO TAIWAN HICKMAN,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger, Judge.


        A criminal defendant appeals following his plea of guilty.   **SENTENCE**

**VACATED AND REMANDED FOR RESENTENCING.**



        Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, John P. Sarcone, County Attorney, and Andrea Petrovich and Joseph

Crisp, Assistant County Attorney, for appellee.



        Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

Orlando Hickman contends his trial counsel was ineffective in failing to object to the State's breach of the plea agreement. He argues the State did not truly "recommend" the sentences agreed upon. We agree the prosecutor's "recommendation" breached the spirit of the plea agreement. We therefore vacate the sentence and remand for proceedings before a new judge and order the State to specifically comply with the plea agreement it negotiated.

**I. Background Facts.**

Hickman was charged with possession of a controlled substance, third offense, a class "D" felony in violation of Iowa Code section 124.401(5) (2013).

On October 15, 2013, a plea hearing was held. Describing the plea agreement, the prosecutor stated the defendant would plead guilty and the State would drop a related simple misdemeanor charge and would recommend a suspended sentence and probation. The defense agreed that the plea agreement had been accurately stated. The court informed Hickman it was not bound by the attorneys' recommendations and would impose a sentence the court deemed appropriate. Hickman told the judge that he was under the care of a mental health provider for "schizophrenia, paranoia, bipolar" and was "about to get on meds." Hickman entered a guilty plea, admitting that on July 8, 2013, he possessed a small plastic bag containing a controlled substance determined to be methamphetamine. He admitted to two prior controlled substance violation convictions.

A presentence investigation (PSI) report was completed. The PSI report noted Hickman was born in 1978. He had been on disability benefits in the past

because of his mental illness. His case manager, Amy Alles, had been working with him in an attempt to receive benefits again. Because of Hickman's report of psychotic characteristics, the PSI recommended that Hickman be evaluated by a licensed mental health professional for a formal diagnostic assessment. The PSI also recommended the case be reviewed by the court's Mental Health Unit to determine if Hickman would meet criteria to be supervised and receive treatment in the unit. Finally, the PSI recommended incarceration with mental health and substance abuse evaluation and treatment.

A sentencing hearing was held on January 27, 2014. At the sentencing hearing, when asked by the court if the State had had an opportunity to review the PSI report, the prosecutor (who was not the prosecutor who had appeared at the plea hearing) stated:

> Your Honor, the State has no additions, deletions, or corrections in way of the presentence investigation report. In the way of the record, I would state, though, however—and opposing counsel is aware of this—the State was not aware of a lot of Mr. Hickman's previous criminal convictions, starting in 1998 with the theft first and the events that took course during that matter, along with the escape from 1991 and a slew of misdemeanor offenses, starting in 2009 with malicious prosecution, all the way to ending in November of 2013 with trespass, and the prior simple misdemeanors in between 2009 and 2013.

The State offered no evidence. The defendant called Alles, service coordinator for Broadlawns outpatient mental health, who testified she had been working with the defendant for about one year. She stated he was not at first compliant, but recently he had followed through with getting his medical injections and complying with his mental health provider. She described he had followed

through with his last two monthly injections and as a result had been more clear and was going to his appointments.

Thereafter, the prosecutor made the following statement:

> As a part of the joint plea agreement at the time, it was the parties' joint recommendation for a suspended sentence with probation. That is still the recommendation of the parties.
>
> It's not Mr. Hickman's fault that the State did not have the information that's provided in the presentence investigation report; however, it is hard to make a recommendation for Mr. Hickman regarding a suspended sentence with probation, given the fact, during pendency of this matter, that he has a new arrest, has not been compliant with mental health or substance abuse treatment.
>
> However, it does appear from the last month or so that he is starting to be compliant, at least with showing up for the injections and also showing up for his mental health treatment and/or evaluations. However, it's still hard to argue on behalf of Mr. Hickman because there doesn't appear to be anything done with the substance abuse side of things, which is why we are here today.
>
> The State still would ask that the Court adopt the parties' joint recommendation for a suspended sentence with probation, given that Mr. Hickman has at least started to utilize some of the services that he has been afforded, such as the help with his counselor today, who has testified that he has been AWOL in the past, has not showed up, and she has basically had to work harder in giving him services that he has, in terms of receiving them. But maybe now Mr. Hickman sees the light.
>
> I understand that there is some concern with Mr. Hickman. According to the presentence investigation report, he has not been successful when given opportunities under the Department of Corrections. He's had his parole violated numerous times, has had his parole revoke numerous times over the last 15 years. However, the State would ask, based on the small sample that we have, that he receive a suspended sentence with probation.

The court noted the "joint recommendation of the parties that the defendant receive a suspended sentence." However, the court found a suspended sentence was not appropriate and sentenced Hickman to an indeterminate term of incarceration not to exceed five years.

On appeal, Hickman contends the State's remarks demonstrated a violation of the spirit of the plea bargain agreement and his plea counsel was ineffective in failing to object during the sentencing hearing.

**II. Scope of Review.**

We review claims of ineffective assistance of counsel de novo. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

**III. Discussion.**

"A successful ineffective-assistance-of-counsel claim requires proof by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted." *Id.* at 214-15. If the prosecutor breached the plea agreement, defense counsel failed in an essential duty in failing to object. *See id.* at 217. Prejudice is presumed. *Id.* at 217-18.

Our supreme court has determined that when the State assumes an obligation to make a certain sentencing recommendation as part of a plea agreement, "mere technical compliance is inadequate; the State must comply with the spirit of the agreement as well." *State v. Horness,* 600 N.W.2d 294, 296 (Iowa 1999).

> A fundamental component of plea bargaining is the prosecutor's obligation to comply with a promise to make a sentencing recommendation by doing more than simply informing the court of the promise the State has made to the defendant with respect to sentencing. The State must actually fulfill the promise. Where the State has promised to "recommend" a particular sentence, we have looked to the common definition of the word "recommend" and required
>> the prosecutor to present the recommended sentence with his or her approval, to commend the sentence to the court, and to otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance.

*Bearse,* 748 N.W.2d at 215-16 (internal quotation marks and citations omitted).

The record in this case demonstrates noncompliance with the spirit of the plea agreement. While the prosecutor did technically ask that the court follow the joint recommendation, the prosecutor twice complained it was hard to make that recommendation. "Our system of justice requires more and does not allow prosecutors to make sentencing recommendations with a wink and a nod." *Bearse*, 748 N.W.2d at 218. Defense counsel should have objected. We conclude Hickman is entitled to specific performance of the plea agreement.

**IV. Remedy.**

Hickman's conviction is affirmed, and his sentence is vacated. We remand for resentencing before a different district court judge at which time the prosecutor will recommend a suspended sentence and probation.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**